Joseph Lavi, Esq. (State Bar No. 209776)
jlavi@lelawfirm.com
Jordan D. Bello, Esq. (State Bar No. 243190)
jbello@lelawfirm.com
Elizabeth Harrier (State Bar No. 319550)
eharrier@lelawfirm.com
**LAVI & EBRAHIMIAN, LLP**
8889 W. Olympic Blvd., Suite 200
Beverly Hills, California 90211
Telephone: (310) 432-0000
Facsimile: (310) 432-0001

Sahag Majarian II, Esq. (SBN 146621)
Email: sahagii@aol.com
Garen Majarian, Esq. (SBN 334104)
Email: garen@majarianlawgroup.com
**Majarian Law Group, APC**
18250 Ventura Boulevard
Tarzana, California 91356
Telephone: (818)609-0807
Facsimile: (818) 609-0892

Attorneys for PLAINTIFF
JUAN MANUEL TEJEDA on behalf of himself and
others similarly situated.

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JUAN MANUEL TEJEDA, on behalf of himself and others similarly situated,<br><br>PLAINTIFF,<br><br>vs.<br><br>VULCAN MATERIALS COMPANY; CALMAT COMPANY; AND DOES 1-100, INCLUSIVE,<br><br>DEFENDANTS. | Case No.: 23-cv-00619-JCS<br><br>**OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT OR PARTIAL SUMMARY JUDGMENT**<br><br>Date: April 19, 2024<br>Time: 9:30 a.m.<br>Courtroom:    D<br><br>Judge: Hon. Joseph C. Spero |

**OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT, OR, IN THE ALTERNATIVE PARTIAL SUMMARY JUDGMENT; 23-cv-00619-JCS**

## TABLE OF CONTENTS

I. INTRODUCTION ..................................................................................................................1

II. SUMMARY OF RELEVANT FACTS ...............................................................................3

III. ARGUMENT..........................................................................................................................4

    A. Legal Standards On Motion For Summary Judgment...............................................4

    B. Preemption Under The LMRA..................................................................................4

        1. Plaintiff's Claim For Minimum Wage Claim Is Not Preempted Because It Does Not Require Interpretation of the CBA........................................................6

        2. Plaintiff's Claim For Meal Periods Is Not Preempted Because Plaintiff Worked As A Mobile Sweeper, Not Just A Ready-Mix Concrete Driver And The Claims Do Not Require Interpretation of the CBA .............................10

            a. Plaintiff Is Not Exempt From The Labor Code's Meal Period Requirements For His Work As A Mobile Sweeper Driver ..................10

            b. Plaintiff's Meal Period Claims As A Mobile Sweeper Driver Do Not Require Interpretation Of The CBA And Are Not Preempted...............................................................................................11

            c. Because Plaintiff's Claims Are Not Preempted, He Was Not Required To Exhaust Grievance Procedures..........................................12

    C. The FMCSA's Order That California's Meal And Rest Break Laws Are Preempted For Drivers Of Property-Carrying Commercial Motor Vehicles Subject To The FMSCA's Hours of Service Rules Does Not Apply To Plaintiff's Work As A Mobile Sweeper Driver........................................................13

    D. Because Plaintiff's Claims Are Not Preempted, His Derivative Claims Do Not Fail......................................................................................................................14

    E. Because Plaintiff's Claims Are Not Preempted, Plaintiff Does Not Lack Standing To Prosecute Class Claims.........................................................................14

    F. Because Plaintiff's Claims Are Not Preempted, The Court Cannot Order Plaintiff To Submit His Claims To the CBA's Mandatory Grievance Procedure..................................................................................................................14

IV. CONCLUSION....................................................................................................................15

i

**OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT, OR, IN THE ALTERNATIVE PARTIAL SUMMARY JUDGMENT; 23-cv-00619-JCS**

# TABLE OF AUTHORITIES

**Pages**

**Cases**

*Alaska Airlines, Inc. v. Schurke,*
  898 F.3d 904 (9th Cir. 2018)...........................................................................................5, 9

*Allis-Chalmers Corp. v. Lueck,*
  471 U.S. 202 (1985) ....................................................................................................4, 7, 12

*Ambat v. City & County of San Francisco,*
  757 F. 3d 1017 (9th Cir. 2014).............................................................................................4

*Andrade v. Rehrig Pac. Co.,*
  No. CV 20-1448 FMO (RAOx), 2020 U.S. Dist. LEXIS 71005 (C.D. Cal. April
  22, 2020)...............................................................................................................................1

*Avila v. Kiewitt Corp.,*
  No. 2:19-cv-1295-SK, 2021 U.S. Dist. LEXIS 199128 (C.D. Cal. June 17, 2021)...............9

*Balcorta v. Twentieth Century-Fox Film Corp.,*
  208 F.3d 1102 (9th Cir. 2000)...............................................................................................5

*Burnside v. Kiewit Pac. Corp.,*
  491 F.3d 1053 (9th Cir. 2007)...........................................................................................5, 6

*Camp v. Home Depot U.S.A., Inc.,*
  84 Cal.App.5th 638 (2022)................................................................................................6, 7

*Camp v. Home Depot U.S.A., Inc.,*
  *pet. for rev. granted,* 304 Cal. Rptr. 3d 82 (Feb. 1, 2023) ................................................6, 7

*Caterpillar, Inc. v. Williams,*
  482 U.S. 386 (1987) ...........................................................................................................5, 9

*Chatman v. WeDriveU, Inc.,*
  No. 3:22-cv-04849-WHO, 3:22-cv-04850-WHO, 2022 U.S. Dist. LEXIS 199533
  (N.D. Cal. Oct. 28, 2022) ....................................................................................................12

*Cramer v. Consol. Freightways, Inc.,*
  255 F.3d 683 (9th Cir. 2001).....................................................................................5, 6, 7, 9

*Donohue v. AMN Servs., LLC,*
  11 Cal. 5th 58 (2021).............................................................................................................6

*Kobold v. Good Samaritan Reg'l Med. Ctr.,*
  832 F.3d 1024 (9th Cir. 2016)......................................................................................1, 5, 6

ii

**OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT, OR, IN THE ALTERNATIVE PARTIAL SUMMARY JUDGMENT; 23-cv-00619-JCS**

*Lingle v. Norge Div. of Magic Chef,*
    486 U.S 399 (1988) ........................................................................................................8, 12

*Livadas v. Bradshaw,*
    512 U.S. 107 (1994) .....................................................................................................4, 5, 8

*McGhee v. Tesoro Ref. & Mktg. Co.,*
    440 F. Supp. 3d 1062 (N.D. Cal. 2020) ..............................................................................8

*Mejia v. DHL Express (USA), Inc.,*
    No. CV-15-890-GHK (JCx), 2016 U.S. Dist. LEXIS 191931 (C.D. Cal. Feb. 25, 2016)................................................................................................................................10

*Meyer v. Irwin Industries Inc.,*
    723 F.Supp.2d 1237 (C.D. Cal. 2010)...........................................................................8, 12

*Nissan Fire & Marine Ins. Co., Ltd. v. Fritz Cos., Inc.,*
    210 F.3d 1099 (9th Cir. 2000).............................................................................................4

*Perez v. Daughters of Charity Health System,*
    No. CV 10-5832 GHK (PJWx), 2012 U.S. Dist. LEXIS 1547 (C.D. Cal. Jan. 5, 2012)................................................................................................................................5, 9

*Pyara v. Sysco Corp.,*
    No. 15-cv-01208-JAM-KJN, 2016 U.S. Dist. LEXIS 94892 (E.D. Cal. July 20, 2016).....................................................................................................................................9

*See's Candy Shops, Inc. v. Superior Court,*
    210 Cal.App.4th 889 (2012).................................................................................................6

*Southern Calif. Gas Co. v. City of Santa Ana,*
    336 F. 3d 885 (9th Cir. 2003)........................................................................................4, 13

*Troester v. Starbucks Corp.,*
    5 Cal.5th 829 (2018).............................................................................................................6

*Valles v. Ivy Hill Corporation,*
    410 F.3d 1071 (9th Cir. 2005)....................................................................................7, 8, 12

*Walling v. General Industries Co.,*
    330 U.S. 545 (1947) ..........................................................................................................11

**Statutes, Rules, and Regulations**

Cal. Lab. Code
    § 226(a) ..............................................................................................................................14
    § 1194.................................................................................................................................7
    § 1194(a) .............................................................................................................................7

iii

**OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT, OR, IN THE ALTERNATIVE PARTIAL SUMMARY JUDGMENT; 23-cv-00619-JCS**

| | |
|---|---|
| § 1197 | 7 |
| § 1198 | 7 |

Fed. R. Civ. P.
    Rule 56(a) ............................................................................................................4

Wage Order 1
    § 2(G) ...............................................................................................................7
    § 4 .....................................................................................................................7
    § 7 ...................................................................................................................14

United States Code
    Tit. 49, § 31141(a) ............................................................................................2

iv

**OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT, OR, IN THE ALTERNATIVE PARTIAL SUMMARY JUDGMENT; 23-cv-00619-JCS**

**MEMORANDUM OF POINTS AND AUTHORITIES**

## I. INTRODUCTION

Defendants CalMat Co. and Vulcan Materials Company (hereinafter "Defendant") file this motion for summary judgment or partial summary judgment on the grounds that Plaintiff Juan Manuel Tejeda's (hereinafter "Plaintiff") class action, alleging California wage and hour claims, should be dismissed on the grounds that Section 301 of the Labor Management Relations Act (LMRA) preempts Plaintiff's minimum wage and meal period claims, that an Federal Motor Carrier Safety Administration (FMSCA) order preempts Plaintiff's meal and rest period claims, and that the derivative claims fail due to the preemption.

In relation to Plaintiff's first cause of action for failure to pay minimum wage[1] based on the improper use of rounding, Defendant argues that Plaintiff's minimum wage claim is preempted by the LMRA because it requires interpretation of the CBA. (Def.'s Mem. of P. & A. (hereinafter "Motion") 11-13.) Defendant's argument fails. Plaintiff's claim is for unpaid minimum wage, a non-negotiable right under California law. Plaintiff can establish his minimum wage claim by showing that his actual punch times were not compensated with wages for all of the recorded hours. Plaintiff argues that rounding is not permissible under California law and his claims can be determined from comparing time cards against payroll records, without any need to consider the collective bargaining agreement (hereinafter "CBA"). To the extent the court might need to determine the rounding parameters in place, these parameters would be derived from the settings in Defendant's timekeeping system, not the CBA. Defendant argues that its programming of quarter hour rounding complies with the CBA and that the parties agreed to the rounding, but Plaintiff's right to minimum wage is a non-negotiable unwaivable right which cannot be bargained away by a union agreement. Thus, even if rounding were permitted, the inquiry will be focused on whether the rounding parameters programmed into the system comply with California law, not whether they comply with the CBA.

In relation to Defendant's second cause of action for meal period violations, Defendant argues that Plaintiff was employed as a ready-mix concrete truck driver during his employment, that ready-

---

[1] "Preemption under the LMRA must be evaluated on a claim by claim basis." *Andrade v. Rehrig Pac. Co.,* No. CV 20-1448 FMO (RAOx), 2020 U.S. Dist. LEXIS 71005, at *7, fn. 3 (C.D. Cal. April 22, 2020) (citing *Kobold v. Good Samaritan Reg'l Med. Ctr.,* 832 F.3d 1024, 1032 (9th Cir. 2016) (*Kobold*)). Accordingly, Plaintiff will analyze Defendant's LMRA preemption claim on a claim by claim basis.

1

**OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT, OR, IN THE ALTERNATIVE PARTIAL SUMMARY JUDGMENT; 23-cv-00619-JCS**

mix concrete truck drivers are exempt from meal periods under Labor Code section 512, and his meal period claims are preempted because the claims could only be based on rights afforded by the collective bargaining agreement (hereinafter "CBA"). (Motion 6-8.) Defendant's argument fails because Plaintiff did not work solely as an exempt ready-mix concrete driver. Defendant fails to address that Plaintiff was reclassified as a mobile sweeper driver in November 2020 until the end of his employment in 2022. (Bello Decl. Ex. 1[2], at 3 ¶¶ 2-3 (certificate of translation and English declaration), Ex. 2 ¶¶ 2-3 (Tejeda's Spanish Decl.), Ex. 4 (Def.'s Job Information Change Form).) As a mobile sweeper driver, Plaintiff used a sweeping truck to clean areas in Defendants' concrete manufacturing plants in the region. (Tejeda Decl. ¶ 3.) Plaintiff will limit his claims for meal periods by excluding his work as a ready-mix concrete truck driver. Thus, Defendant's argument of Labor Code section 512 exemption/preemption fails because Defendant never mentioned Plaintiff's employment as a mobile sweeper driver nor attempted to satisfy its burden to establish the exemption in relation to Plaintiff's employment as a mobile sweeper driver.

Defendant's also argues that Plaintiff's meal period claim is preempted by the LMRA because it requires interpretation of the CBA. (Motion 11-13.) Defendant cites an On Duty Meal Period Agreement signed by Plaintiff for his work as a "Ready-Mix Truck Driver" and argues that based on the CBA's alleged incorporation of the On Duty Meal Period Agreement, determination of Plaintiff's meal period claim as a ready mix concrete truck driver requires interpretation of the CBA. (Motion 14-15 (citing Ex. I).) As noted above, Plaintiff will limit his claims for meal periods by excluding his work (and class members' work) as ready-mix concrete truck drivers. Thus, Defendant's arguments related to On Duty Meal Period Agreement for <u>ready-mix truck drivers</u> do not apply to his work as a mobile sweeper driver.

Separate from LMRA preemption, Defendant argues that federal law preempts Plaintiff's claims for meal and rest breaks as a ready-mix concrete truck driver. (Motion 18-19.) Title 49 U.S.C. § 31141(a) permits the Federal Motor Carrier Safety Administration (FMSCA) to find state law on commercial motor vehicle safety preempted. In 2018, the FMSCA issued an order holding the

---

[2] Pages 3-4 of Ex. 1 to the Bello Declaration is the certified English version of Tejeda's declaration and Ex. 2 is the signed Spanish version of the declaration. Further citations to the declaration of Tejeda (hereinafter "Tejeda Decl.") will refer to the paragraph numbers of the English version of the declaration at pages 3-4 of Ex. 1 unless indicated.

California's meal and rest break claims are preempted "to the extent they apply to drivers of property-carrying CMVs subject to the FMSCA's HOS rules." (Pl.'s Request for Judicial Notice ("Pl.'s RJN") Ex. 1, at 39-40.) Defendant argues that a ready-mix concrete truck driver qualifies as a property-carrying CMV subject to the FMSCA's HOS rules, and Plaintiff's claims for meal and rest periods as a ready-mix concrete truck driver are preempted. (Motion 18-19.) Defendant's claims fail to the extent Plaintiff worked as a mobile sweeper driver, because a mobile sweeper is not a property-carrying commercial motor vehicles subject to federal hours of service rules at issue in the FMCSA's order. (Pl.'s RJN Ex. 1, at 39-40 (issuing order solely for "drivers of property-carrying CMVs subject to FMSCA's HOS rules).) Plaintiff will limit his claims for meal and rest periods by excluding his work (and class members' work) as ready-mix concrete truck drivers. Thus, Defendant's arguments of FMSCA preemption fail because they do not apply to his work as a mobile sweeper driver.

Finally, Defendant argues that Plaintiff's derivative claims must also fail because the claims upon which they are based are preempted and that based on the preemption all claims should be dismissed or compelled to the grievance procedures in the CBA. For the reasons set forth above, and in more detail set forth in the brief below, Defendant's argument fails because his claims are not preempted.

## II. SUMMARY OF RELEVANT FACTS

Defendants' operations include concrete manufacturing plants in California. (Tejeda Decl. ¶¶ 2-3; *see* Def.'s Miller Decl. ¶¶ 3, 6-7 (recognizing CalMat manufactures construction materials, including concrete which was delivered by ready-mix truck drivers to CalMat customers).)

Plaintiff worked for Defendants as an hourly employee from December 2017/January 2018 to May 2022. (Tejeda Decl. ¶ 2; Miller Decl. ¶ 6.) Plaintiff was initially hired as a ready-mix concrete truck driver. (Tejeda Decl. ¶ 2; Miller Decl. ¶ 6.) In November 2020, Plaintiff's position changed from a ready-mix concrete truck driver to a mobile sweeper driver. (Tejeda Decl. ¶ 3; Bello Decl. Ex. 4 (Def.'s Job Information Change Form).) As a mobile sweeper driver, Plaintiff would use a mobile sweeper to clean up dirt, concrete, and trash at different areas of Defendants' concrete manufacturing plants in the North Bay in California. (Tejeda Decl. ¶ 3.) As a mobile sweeper driver, Plaintiff did not carry property or passengers for compensation and never crossed state lines. (Tejeda

3
**OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT, OR, IN THE ALTERNATIVE PARTIAL SUMMARY JUDGMENT; 23-cv-00619-JCS**

1  Decl. ¶ 3.) From November 2020, until the end of his employment in May 2022, Plaintiff worked
2  as a mobile sweeper driver generally five days a week. (Tejeda Decl. ¶ 4.) Once reclassified as a
3  mobile sweeper driver, Defendants still required Plaintiff to drive a ready-mix concrete truck
4  approximately one or two Saturdays a month. (Tejeda Decl. ¶ 4.)

During the relevant time period, Defendant configured its timekeeping system, Kronos, to apply quarter hour rounding. (Miller Decl. ¶ 14.)

## III.  ARGUMENT

### A.  Legal Standards On Motion For Summary Judgment

The party moving for summary judgment has both an initial burden of production and the ultimate burden of persuading the court there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Because summary judgment is a "drastic device," cutting off a party's right to present its case to a jury, the moving party bears a "heavy burden" of demonstrating the absence of any triable issue of material fact. *Ambat v. City & County of San Francisco,* 757 F. 3d 1017, 1031 (9th Cir. 2014). A party moving for summary judgment on the ground there is no genuine dispute of material fact as to its own defense, the moving party must establish all of the essential elements of the defense to warrant judgment in his favor: "his showing must be sufficient for the court to hold that no reasonable trier of fact could find other than for the moving party." *Southern Calif. Gas Co. v. City of Santa Ana,* 336 F. 3d 885, 888 (9th Cir. 2003). If the moving party fails to carry its initial burden of production, the opposing party has no obligation to produce anything. *Nissan Fire & Marine Ins. Co., Ltd. v. Fritz Cos., Inc.,* 210 F.3d 1099, 1102-1103 (9th Cir. 2000). Inferences drawn from the evidence must be viewed in the light most favorable to the nonmoving party. *Tolan v. Cotton,* 572 U.S. 650, 651 (2014).

### B.  Preemption Under The LMRA

Section 301 of the Labor Management Relations Act ("LMRA"), 29 United States Code section 185(a) permits federal courts to create a uniform body of common law to adjudicate disputes arising out of CBAs. *Allis-Chalmers Corp. v. Lueck,* 471 U.S. 202, 210 (1985) (*Lueck*). Accordingly, suits by union members alleging violations of a CBA must be brought under LMRA § 301 rather than in a civil complaint. But the Supreme Court has stressed that "§301 cannot be read broadly to pre-empt nonnegotiable rights conferred on individual employees as a matter of state law." *Livadas v. Bradshaw,* 512 U.S. 107, 123 (1994) (*Livadas*). For this reason, state laws

4

establishing minimum standards or protections are within the police powers of the states and claims alleging violations of such protections will not necessarily be preempted, even when the plaintiff is covered by a CBA. *Alaska Airlines, Inc. v. Schurke,* 898 F.3d 904, 917-918 (9th Cir. 2018) (*Alaska Airlines*).

The Ninth Circuit has developed a two-step test to ensure § 301 preemption "extends only as far as necessary to protect the role of labor arbitration in resolving CBA disputes." *Alaska Airlines,* 898 F.3d at 913-914. First, the court asks whether the asserted cause of action by a union member involves a "right [that] exists solely as a result of the CBA." *Kobold,* 832 F.3d at 1032 (9th Cir. 2016); *Burnside v. Kiewit Pac. Corp.,* 491 F.3d 1053, 1059 (9th Cir. 2007). If the cause of action arises from a right or duty of the CBA, the claim is preempted. If not, the second step, asks whether litigating the state law requires interpretation of the CBA. In this context, "interpretation" is construed narrowly; "it means something more than 'consider,' 'refer to,' or 'apply.'" *Balcorta v. Twentieth Century-Fox Film Corp.*, 208 F.3d 1102, 1108 (9th Cir. 2000). At the second step of the analysis, claims are only preempted to the extent there is an *active dispute* over the meaning of contract terms. *Livadas*, 512 U.S. at 124. "[W]hen the meaning of contract terms is not the subject of dispute, the bare fact that a collective-bargaining agreement will be consulted in the course of state-law litigation plainly does not require the claim to be extinguished." *Id.* "[A] *hypothetical* connection between the claim and the terms of the CBA is not enough to preempt the claim …." *Cramer v. Consol. Freightways, Inc.,* 255 F.3d 683, 691 (9th Cir. 2001) (*Cramer*) (emphasis added). It is also not enough that resolving the state law claim requires a court to refer to the CBA and apply its plain or undisputed language. *Id.* at 692. Preemption does not occur if it is necessary to refer to the CBA to determine whether terms are reasonably in dispute or to identify bargained wage rates to compute damages. *Id.* If a defendant argues its defense depends on the terms of the CBA, it will not require preemption. *Id.* at 691-92 (citing *Caterpillar, Inc. v. Williams,* 482 U.S. 386, 398-399 (1987); *Perez v. Daughters of Charity Health System,* No. CV 10-5832 GHK (PJWx)) 2012 U.S. Dist. LEXIS 1547, * 17-18, 20-21 (C.D. Cal. Jan. 5, 2012) (defensive use of CBA to meal break claim based on California law did not preempt claim). Interpretation of the CBA is not established simply because "the defendant refers to the CBA in mounting a defense." *Cramer,* 255 F.3d at 691. "A [defendant's] creative linkage between the subject matter of the claim and the

wording of a CBA provision is insufficient." *Id.* at 692. If, at the second stage of analysis, a state law claim depends on a dispute over the meaning of a CBA, it is only "to that degree preempted." *Kobold*, 832 F.3d at 1036.

### 1. Plaintiff's Claim For Minimum Wage Claim Is Not Preempted Because It Does Not Require Interpretation of the CBA

As noted above, the first step in the two-step analysis to determine whether Section 301 preemption applies is to determine whether the claim asserted is based on state law or on the CBA. *Burnside,* 491 F.3d at 1059. Defendant does not argue that Plaintiff's claim is derived from the CBA under the first step of the *Burnside* analysis, conceding that the claim for minimum wage is based on California law. Rather, Defendant argues that Plaintiff's claim for minimum wage is preempted under the second step of the *Burnside* analysis because it requires interpretation of Defendant's CBA. (Motion 12-13.) Defendant argues that rounding is permissible under California law, citing *See's Candy Shops, Inc. v. Superior Court,* 210 Cal.App.4th 889, 907 (2012) (*See's Candy*), and that the parties agreed to rounding in the CBA so the court must interpret the CBA to understand the rounding parameters to determine whether they comply with permissible rounding under *See's Candy*. (Motion 13-14.) Defendant's argument fails for several reasons.

First, Defendant's argument fails because Plaintiff's minimum wage claim does not require any reference to the CBA at all. Under Plaintiff's first theory that the rounding was improper, Plaintiff will argue that Defendants were not permitted to use rounding under California law and were required to compensate employees for all hours worked. In *Camp v. Home Depot U.S.A., Inc.,* 84 Cal.App.5th 638, 648-661 (2022) (*Camp*), *pet. for rev. granted,* 304 Cal. Rptr. 3d 82 (Feb. 1, 2023), following guidance from the California Supreme Court's decisions in *Donohue v. AMN Servs., LLC,* 11 Cal. 5th 58, 71-74 (2021) (rejecting rounding in meal period context) and *Troester v. Starbucks Corp.*, 5 Cal. 5th 829, 841-848 (2018) (finding the de minimis doctrine does not apply to California law, California law is concerned with "small things," and that an employer must compensate employes for regularly occurring small amounts of time), the Court held that if an employer can capture and has captured the exact amount of time an employee has worked during a shift, the employer must pay the employee for 'all the time' worked" and cannot use rounding.

*Camp*[3], 84 Cal.App.5th at 648-661. Under this theory that rounding is not permissible at all, Plaintiff's minimum wage claim requires that he show that there was time that he worked, i.e., time he was under control of the employer including time he was suffered or permitted to work, and was not compensated for that time. Cal. Lab. Code §§ 1194(a), 1197, 1198; Wage Order 1 §§ 2(G), 4. This simply requires Plaintiff to compare his actual time punches, which Defendant's handbook makes clear should only reflect time work begins and ends, with his pay records to show unpaid time existed. There is no need to evaluate whether Defendant's rounding parameters are "neutral" because rounding is not permitted. Thus, there is no need to interpret any provision in the CBA. A determination of unpaid time is based on comparison of time records and payroll records.

Second, to the extent Defendant prevails in its argument that under *See's Candy* rounding is permissible and the court must evaluate the rounding parameters to see if they comply with the rounding requirements of *See's Candy*; the court does not need to interpret the CBA to determine what the rounding parameters were. Defendant acknowledges that "it is undisputed that Plaintiff's start and end time was rounded in quarter-hour increments" (Motion 12) and Defendant's declarant admits that Defendant configured its timekeeping system, Kronos, to apply quarter hour rounding. (Miller Decl. ¶ 14.) Thus, the parameters can be determined from the settings in Kronos and not the CBA. Defendant argues that its programming of quarter hour rounding complies with the CBA and that the parties agreed to the rounding. (Motion 13.) But Plaintiff's right to minimum wage is a non-negotiable unwaivable right. Cal. Lab. Code § 1194 ("Notwithstanding any agreement to work for a lesser wage, any employee receiving less than the legal minimum wage ….is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage…."); Cal. Lab. Code § 1197 ("[T]he payment of a lower wage than the minimum…is unlawful."). Such rights cannot be bargained away by a union agreement. *Lueck*, 471 U.S. at 212 ("§ 301 does not grant the parties to a collective-bargaining agreement the ability to contract for what is illegal under state law.");

---

[3] In a footnote, Defendant acknowledges *Camp* but contends that *See's Candy* remains the prevailing standard because review was granted; however, this is incorrect. As noted in the Supreme Court's grant of review which did not order the case not citable, *Camp* may be cited for its persuasive value but also to establish the existence of a conflict in authority and permit courts to choose between the conflicting decisions. *Camp v. Home Depot U.S.A., Inc.,* 304 Cal. Rptr. 3d 82 (Feb. 1, 2023).

*Cramer,* 255 F.3d at 695; *Valles v. Ivy Hill Corporation*, 410 F.3d 1071, 1082 (9th Cir. 2005) (*Valles*) (non-negotiable wage and hour rights cannot be waived by a CBA). Thus, even if rounding were permitted under *See's Candy,* the inquiry will be focused on whether the rounding parameters programmed into the system comply with California law, not whether they comply with the CBA.

For example, in *Meyer v. Irwin Industries,* 723 F.Supp.2d 1237, 1244-1245 (C.D. Cal. 2010), the plaintiff sued for meal period violations for failure to provide second meal periods and rest period violations for failure to provide third rest periods under California law. *Meyer,* 723 F. Supp. 2d at 1244-1245. The CBA at issue contained provisions providing for second meal periods and third rest breaks and the employer argued that the meal and rest period claims and derivative claims were preempted by LMRA § 301 of the LMRA because it would require the court to interpret the meal and rest period provisions of the CBA. *Id.* The court rejected the argument, holding that that the claims were not preempted because they were grounded in California law, not the CBA. *Id.* at 1244-1245 (citing *Lingle v. Norge Div. of Magic Chef,* 486 U.S. 399, 409-410 (1988); *Valles,* 410 F.3d at 1082). The district court held that it did not matter that the CBA had parallel provisions for second meal and third rest breaks, because Plaintiff's claims would be evaluated under whether the facts could establish claims under California law, not the CBA's provisions. *Meyer,* 723 F.Supp.2d at 1244-1245; *Lingle,* 486 U.S at 406-410 (holding that when the claim for illegal discharge was based on state law, the fact the CBA also had a provision prohibiting the discharge did not require interpretation of the CBA); *McGhee v. Tesoro Ref. & Mktg. Co.*, 440 F. Supp. 3d 1062, 1068-1070 (N.D. Cal. 2020) (minimum-wage claim not preempted because claim is based on what the "actual policies and procedures over the class period" were, "not the CBAs' authorizations." "Put differently, whether Defendants violated or complied with the CBAs has no import whether they also violated California law.")

In addition, Defendant does not point to any portion of the CBA where there is an *active dispute* over the meaning of contract terms. *Livadas*, 512 U.S. at 124 ("[W]hen the meaning of contract terms is not the subject of dispute, the bare fact that a collective-bargaining agreement will be consulted in the course of state-law litigation plainly does not require the claim to be extinguished."); *Valles,* 410 F.3d at 1076 (same). Defendant notes in its brief that the CBA provision

8
**OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT, OR, IN THE ALTERNATIVE PARTIAL SUMMARY JUDGMENT; 23-cv-00619-JCS**

provides for start and stop times to be recorded "in one-quarter (1/4) hours increments" and that based on this term "it is undisputed that Plaintiff's start and end time was rounding in quarter-hour increments." (Motion p. 13.) Thus, even were it necessary to consult the CBA for this provision regarding rounding (which it is not), Defendant concedes that the term provides for quarter-hour rounding is "undisputed" and would require an examination or consultation of the CBA, not interpretation. *Alaska Airlines*, 898 F.3d at 921 (9th Cir. 2018) ("'Interpretation' is construed narrowly; 'it means something more than 'consider,' 'refer to,' or 'apply'"); *Cramer,* 255 F.3d at 691-692 (preemption does not exist if resolving the state law claim requires a court to refer to the CBA and apply its plain or undisputed language). Defendant argues that it would require interpretation of the CBA to determine whether the parameters of the rounding are "fair and neutral" (Motion 14), but as noted above, the parameters are drawn from what Defendant programmed its Kronos system to round and the CBA provision does not provide any detail which would require interpretation.

In addition, the fact that Defendant appears to want to raise the rounding CBA term in the as a defense to Plaintiff's minimum wage claim under California law, does not render the claim preempted. If a defendant argues its defense depends on the terms of the CBA, it will not require preemption. *Cramer,* 255 F.3d at 691-692 (citing *Caterpillar, Inc. v. Williams,* 482 U.S. at 398-399); *Perez,* 2012 U.S. Dist. LEXIS 1547, at *17-18, 20-21 (defensive use of CBA to overtime claim based on California law did not preempt claim). Interpretation of the CBA is not established simply because "the defendant refers to the CBA in mounting a defense." *Cramer,* 255 F.3d at 691.

Defendant cites *Avila v. Kiewitt Corp.,* No. 2:19-cv-1295-SK, 2021 U.S. Dist. LEXIS 199128, at *8-9 (C.D. Cal. June 17, 2021) where the court found that the plaintiff's minimum wage off the clock claim was based on California law, did not require interpretation of the CBA to resolve the claim, and was not preempted. (Motion p. 13.) It is unclear why this case would assist Defendant where, as explained above, his minimum wage claim is also based on California law and would not require interpretation of the CBA to resolve the claim.

Defendant also cites *Pyara v. Sysco Corp.,* No. 15-cv-01208-JAM-KJN, 2016 U.S. Dist. LEXIS 94892, at *15-16 (E.D. Cal. July 20, 2016), where the court also found that the plaintiff's minimum wage off the clock claim was based on California law, did not require interpretation of

the CBA to resolve the claim, and was not preempted. (Motion p. 13.) Like *Avila,* the *Pyara* court notes that the defendants argue that the minimum wage claim requires interpretation of the CBA but that this argument clearly has no merit when the defendants cannot even point to a CBA term which relates to the plaintiff's claim. But the courts do not state that if the defendant could point to a term which related to the plaintiff's claim, it would require interpretation and result in preemption. Rather, they are pointing out how meritless the defendant's argument of preemption is.

Similarly, Defendant cites *Mejia v. DHL Express (USA), Inc.,* No. CV-15-890-GHK (JCx), 2016 U.S. Dist. LEXIS 191931, at *7-10 (C.D. Cal. Feb. 25, 2016), to imply the court held that the minimum wage rounding claim was not preempted because the agreement did not contain a provision providing for rounding. However, the court did not state that if the CBA did contain rounding policies, the rounding claim would preempted. The court noted that there could not be a required interpretation of rounding policies when the CBA does not even include rounding policies, but also expressly noted that "[e]ven assuming Defendants' rounding policies are part of the CBAs, determining whether the policies comply with California law entails only a reference to or consideration of the terms of the CBAs, not an interpretation of those terms." *Id.* at *10.

### 2. Plaintiff's Claim For Meal Periods Is Not Preempted Because Plaintiff Worked As A Mobile Sweeper, Not Just A Ready-Mix Concrete Driver, And The Claims Do Not Require Interpretation of the CBA

#### a. Plaintiff Is Not Exempt From The Labor Code's Meal Period Requirements For His Work As A Mobile Sweeper Driver

Under the first-step of the *Burnside* analysis, Defendant argues that Plaintiff's meal period claim is preempted because Plaintiff worked as a ready-mix concrete truck driver exempt from meal periods under Labor Code section 512. (Motion 6-8.) Plaintiff does not dispute that the exemption may apply to ready-mix concrete drivers; however, Plaintiff did not work solely as an exempt ready-mix concrete driver and his claims are not limited to his work as a ready-mix concrete driver. (*See* Dkt. 1-1, at 5-19 (Pl.'s Complaint not limiting claims to ready-mix concrete drivers)). Rather, Plaintiff worked as a mobile sweeper driver from November 2020 until his termination in May 2022. (Tejeda Decl. ¶ 3; *see* Bello Decl. Ex. 4 (Def.'s Job Information Change Form produced as part of Pl.'s file).) Plaintiff will limit his claims for meal periods by excluding his work (and other class members work) as a ready-mix concrete truck drivers.

Defendant bears the burden of proving an exemption (*Walling v. General Industries Co.,* 330 U.S. 545, 547-548 (1947)) and bears the burden of establishing "beyond controversy every essential element of its" exemption defense (*Southern Calif. Gas Co. v. City of Santa Ana,* 336 F.3d at 888). Defendant only argues that Plaintiff's employment as a ready-mix concrete truck driver is subject to the "commercial driver" exemption of Labor Code section 512. (Motion 6-8.) Defendant fails to address Plaintiff's employment as a mobile sweeper driver and does not argue or satisfy its burden to show that his employment as a mobile sweeper driver is subject to the exemption. (Motion 6-8.) Thus, Defendant's argument of Labor Code section 512 exemption/preemption fails in relation to his employment from November 2020 until his termination in May 2022 as a mobile sweeper driver.

        **b.**        **Plaintiff's Meal Period Claims As A Mobile Sweeper Driver Do Not Require Interpretation Of The CBA And Are Not Preempted**

Defendant argues that under the second step of the *Burnside* analysis, Plaintiff's meal period claim is preempted because it requires interpretation of the CBA's On-Duty Meal Period Provision and Agreement applicable to ready-mix truck drivers. (Motion 14-15.) Defendant cites an On Duty Meal Period Agreement signed by Plaintiff for his work as a "Ready-Mix Truck Driver." (Motion 14-15 (citing Ex. I).) Defendant argues that the CBA has a meal period provision which notes that employees cannot waive first meal periods when working over six hours or subsequent meal periods "unless you meet and agree to the eligibility requirements for the On Duty Meal Period Agreement." (Motion 15.) Defendant argues that this language incorporates by reference the On Duty Meal Period Agreement for ready mix truck drivers and would require interpretation to determine the eligibility requirements for the On Duty Meal Period Agreement. (Motion 15.) Defendant's argument fails. First, as noted above, Plaintiff will exclude from his claims for meal periods his work (and class members work) as ready-mix concrete truck drivers. Thus, Defendant's arguments related to On Duty Meal Period Agreement for <u>ready-mix truck drivers</u> do not apply to his work as a mobile sweeper driver. Second, even if Plaintiff were not excluding his claim for work as a ready-mix truck driver, Plaintiff's claims are based on his claims that under California law, Defendant failed to provide meal breaks generally and is not tied to an allegation that the on duty meal period agreement for ready-mix truck drivers is illegal or results in meal period violations. Defendant essentially argues that because the CBA has meal break provisions, the court will have to interpret

11

the CBA. But, as noted above, Plaintiff's meal period claims are based on non-waivable rights whose elements are defined by California law and which could not be altered or bargained away in a union agreement. *Lueck*, 471 U.S. at 212; *Valles,* 410 F.3d at 1082 (non-negotiable wage and hour rights cannot be waived by a CBA). Thus, the inquiry will be focused on whether Defendant complied with California law, and it would not matter that the CBA might have provisions also providing for meal periods. As noted above, in *Meyer v. Irwin Industries,* the plaintiff sued for meal and rest period violations under California law and the employer argued that the meal and rest period claims and derivative claims were preempted by LMRA § 301 of the LMRA because it would require the court to interpret the CBA which had terms providing for meal and rest breaks. *Meyer,* 723 F. Supp. 2d at 1244-1245. The district court held that it did not matter that the CBA had parallel provisions for rest breaks, because Plaintiff's claims would be evaluated under whether the facts could establish claims under California law, not the CBA's provisions. *Meyer,* 723 F.Supp.2d at 1244-1245; *Lingle,* 486 U.S at 406-410 (holding that when the claim for illegal discharge was based on state law, the fact the CBA also had a provision prohibiting the discharge did not require interpretation of the CBA).

Defendant cites *Chatman v. WeDriveU, Inc.,* No. 3:22-cv-04849-WHO, 3:22-cv-04850-WHO, 2022 U.S. Dist. LEXIS 199533, at *27-28 (N.D. Cal. Oct. 28, 2022), for support, but in *Chatman* at issue was the exemption of Labor Code section 512(e), which required the court to determine whether the CBA "expressly provides for meal periods for those employees" to see if the exemption applied and a dispute over whether language relating to meal period pay in the CBA provided for meal periods, which required the court to interpret the CBA provision. In contrast here, Labor Code section 512(e) is not an issue since Plaintiff is proceeding on meal period claims for work as a ready-mix concrete driver and there is not a dispute between the parties whether a term does or does not expressly provide for meal periods.

      **c. Because Plaintiff's Claims Are Not Preempted, He Was Not Required To Exhaust Grievance Procedures**

Defendant argues that because the claims for minimum wage and meal periods are preempted by the LMRA, the rights could only exist under the CBA and Plaintiff was required to

exhaust the grievance procedure for those claims. (Motion 16-17.) However, as explained above, Plaintiff's minimum wage and meal period claims are not preempted by the LMRA so he was not required to exhaust the grievance procedure for rights that could only exist based on the CBA.

### C. The FMCSA's Order That California's Meal And Rest Break Laws Are Preempted For Drivers Of Property-Carrying Commercial Motor Vehicles Subject To The FMSCA's Hours of Service Rules Does Not Apply To Plaintiff's Work As A Mobile Sweeper Driver

Aside from LMRA preemption, Defendant argues that federal law preempts Plaintiff's claims for meal and rest breaks as a ready-mix concrete truck driver. (Motion 18-19.) Section 49 U.S.C. § 31141(a) permits the Federal Motor Carrier Safety Administration (FMSCA) to find state law relating to commercial motor vehicle safety is preempted. 49 U.S.C. § 31141(a) ("A State may not enforce a State law or regulation on commercial motor vehicle safety that the Secretary of Transportation decides under this section may not be enforced.") In 2018, the FMSCA issued an order holding the California's meal and rest break claims are preempted "to the extent they apply to drivers of property-carrying CMVs subject to the FMSCA's HOS rules." (Pl.'s Request for Judicial Notice ("Pl.'s RJN") Ex. 1, at 39-40.) Defendant argues that a ready-mix concrete truck driver qualifies as a property-carrying CMV subject to the FMSCA's HOS rules, and Plaintiff's claims for meal and rest periods as a ready-mix concrete truck driver are preempted. (Motion 18-19.)

However, as noted above, Plaintiff did not only work as a ready-mix concrete truck driver during his employment. Plaintiff also worked as a mobile sweeper driver. As noted with his meal periods above, Plaintiff will limit his meal and rest break claims by excluding his work (and other class members work) as a ready-mix concrete truck drivers. Defendant has not satisfied its burden to show, or even argued, that a mobile sweeper is a property-carrying commercial motor vehicle subject to the federal hours of service rules at issue in the FMCSA's order (Pl.'s RJN Ex. 1, at 39-40 (issuing order solely for "drivers of property-carrying CMVs subject to FMSCA's HOS rules)). *Southern Calif. Gas Co. v. City of Santa Ana,* 336 F.3d at 888 (moving party bears the burden of establishing "beyond controversy every essential element of its" defense).

Thus, Defendant's argument of FMSCA preemption fails in relation to his meal and rest break claims based on his employment from November 2020 until his termination in May 2022 as a mobile sweeper driver.

### D. Because Plaintiff's Claims Are Not Preempted, His Derivative Claims Do Not

**Fail**

Defendant argues that because Plaintiff's minimum wage, meal period, and rest period claims are preempted, his derivative claims in his fourth cause of action (failure to timely pay earned wages), his fifth cause of action (failure to provide complete and accurate wage statements), his sixth cause of action (failure to timely pay final wages), and seventh cause of action (unfair business practices) also fail. (Motion 20.)

Defendant's argument fails because as set forth above, Plaintiff's minimum wage, meal period, and rest period claims are not preempted. So, to the extent his claims in his fourth through seventh causes of action are derivative, they also may continue.

In addition, Plaintiff's fifth cause of action is not solely derivative. Plaintiff alleges as part of his fifth cause of action that Defendant directly violated Labor Code section 226 by providing wage statements which failed to accurately reflect the total hours worked. (Dkt. 1-1, at 10, 21.) Plaintiff's contention is that regardless of whether California law permits rounding for payment of wages, which Plaintiff contends it does not, rounding does not relieve the Defendant of its duty to accurately record and report the number of hours worked. Cal. Lab. Code § 226(a); see Wage Order 1 § 7(A)(3) (must keep "[t]ime records showing when the employee begins and ends each work period.").

### E. Because Plaintiff's Claims Are Not Preempted, Plaintiff Does Not Lack Standing To Prosecute Class Claims

Defendant argues that because Plaintiff's claims are subject to dismissal, he lacks standing to bring his claims on behalf of others. (Motion 20-21.) Defendant's argument fails because as set forth above, Plaintiff's claims are not preempted. So, he continues to have standing to maintain his class claims.

### F. Because Plaintiff's Claims Are Not Preempted, The Court Cannot Order Plaintiff To Submit His Claims To the CBA's Mandatory Grievance Procedure

Finally, Defendant argues that because Plaintiff's claims are preempted and only exist under the CBA, that the Court should compel those claims to the mandatory grievance and arbitration procedure pursuant to the CBA. Defendant's argument fails because as set forth above, Plaintiff's claims are not preempted.

## IV. CONCLUSION

Based on the foregoing, Plaintiff requests that the Court deny Defendant's motion.

Dated: February 13, 2024

_____
Jordan D. Bello
Attorneys for Plaintiff
JUAN MANUEL TEJEDA, on behalf of himself and others similarly situated